**D. D. Baber, Defendant in Error, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Plaintiff in Error.**

1. SALES—*duty of seller making resale.* In the absence of any limitation as to time or place, a seller making a resale of goods that have been refused by the buyer must exercise reasonable diligence and care to obtain the highest price, and he is not confined to the market at the place of delivery.

2. CARRIERS—*refused goods need not be sold within the state.* R. S. ch. 14, § 2, concerning sales by carriers of perishable property that owners refuse to receive, does not require a railroad company to sell cattle at a market within the state, and it is required only to use a reasonable discretion in selecting the market.

Error to the Circuit Court of Edgar county; the HON. E. R. E.

KIMBROUGH, Judge, presiding. Heard in this court at the April term, 1912. Reversed with finding of fact. Opinion filed October 15, 1912. *Certiorari* denied by Supreme Court (making opinion final).

GEORGE B. GILLESPIE, for plaintiff in error; SHEPHERD & TROGDON and GLENNON, CARY, WALKER & HOWE, of counsel.

FRANK T. O'HAIR, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit brought in the Edgar County Circuit Court by the defendant in error against the plaintiff in error to recover damages which the defendant in error alleges resulted to him by reason of the conversion of ninety-three head of cattle by the plaintiff in error, said cattle being the property of the defendant in error.

There is no contention with reference to the issues as presented by the pleadings, and the case rests upon the question of the legal liability of the plaintiff in error to the defendant in error under an agreed state of facts, which is as follows:

D. D. Baber, the plaintiff, bought ninety-three head of stock cattle in the State of Tennessee. The plaintiff consigned these cattle to himself at Dudley, Ill. These cattle were shipped over the Tennessee Central Railroad and the L. & N. and E. & T. H. Ry. to Terre Haute, Ind., where they were received by the defendant to be carried and transported from Terre Haute, Ind., to Dudley, Ill. The cattle were contained in three cars, the ordinary and usual size and capacity. The shipment begun on the 11th day of October, 1910, at Bushcreek, Tenn., and the cattle arrived at Dudley, Ill., on the 14th day of October, 1910. Shortly before the cattle arived at their destination, the plaintiff notified the agent of the defendant at Dudley, that he would not receive the cattle until reimbursed for his damages. When the cattle arrived in Dudley, Ill., the

defendant retained the cattle in its possession on pasture for two days and without notice to the plaintiff, shipped the cattle from Dudley, Ill., to the City of Indianapolis, in the State of Indiana, and sold them in the market in said City of Indianapolis. The defendant then tendered the plaintiff $3,389.01, being the proceeds from the sale of the cattle at Indianapolis (which sale was made by defendant) after deducting necessary costs, charges and expenses.

The plaintiff accepted the amount of money last aforesaid, on account, without prejudice to his right to make claim for the full value of the cattle at Dudley. There were regular daily cattle markets for the sale of these cattle at Chicago and East St. Louis both in the State of Illinois, and to farmers and feeders in the vicinity of Dudley. Chicago and East St. Louis, both in the State of Illinois, are each about one hundred and fifty miles from Dudley, Indianapolis is in the State of Indiana about one hundred and four miles from Dudley. After the plaintiff refused to accept the cattle, which refusal was shortly prior to their arrival at Dudley, the plaintiff and defendant had no further communication between each other, with reference to said cattle, until after the cattle were sold by the defendant at Indianapolis, Ind. The defendant and its agents were not acquainted with the purchasers of cattle in the vicinity of Dudley. The defendant knew of no person at the time of this shipment who bought cattle in the vicinity of Dudley and made no effort to ascertain whether or not there was a market for the cattle in the vicinity of Dudley and who, if any persons, did purchase cattle in that vicinity. The aforesaid cattle could not have been replaced with cattle of like size and quality in value at Dudley, at the time they arrived there, for the sum of $4,600. Defendant has freight claim which is a lien on cattle for eighty-nine dollars.

The cause was, by agreement, submitted to the court without the intervention of a jury, and a judgment was

rendered in favor of the defendant in error in the sum of $1,121.99, whereupon this writ of error was sued out of this court bringing the record before us for review.

The following statement appears in the well-prepared argument of the counsel for defendant in error: ''We will simply confine ourselves to the proposition which admits that the shipment of the cattle described in the stipulation of facts agreed to was a shipment, for the purposes of this law suit, of perishable property, and it comes under the second paragraph of Hurd's Revised Statutes, chapter 141. There is no question but that the law is well settled that where there is a delay in the delivery of goods by a common carrier, the remedy of the shipper or consignee is to accept the goods and sue for his damages.''

It is further conceded by counsel for defendant in error that if the plaintiff in error had sold the cattle in question in the vicinity of Dudley, Illinois, the point of destination, or at any other cattle market in the State of Illinois, the plaintiff in error would have been clearly acting within its rights. There is no charge of bad faith on the part of the plaintiff in error raised by this record.

These admissions on the part of the defendant in error leave but one question for the determination of this court, viz.: Was the plaintiff in error required, under the law, to make a sale of the property in question within this state?

Section 2 of chapter 141, R. S., referred to in the admission of counsel for defendant in error, is as follows: ''Perishable property which has been transported to destination, and the owner, or consignee, notified of its arrival, or being notified, refuses or neglects to receive the same and pay the legal charges thereon, or if upon diligent inquiry the consignee cannot be found, such carrier may, in the exercise of a reasonable discretion, sell the same at public or private sale without advertising, and the proceeds, after

490 APPELLATE COURTS OF ILLINOIS.

Baber v. Cleveland, C., C. & St. L. Ry. Co., 176 Ill. App. 486.

deducting the freight and charges and expenses of sale, shall be paid to the owner or consignee upon demand."

It will be observed, upon a careful reading of this section that there is an entire absence of any direction as to the place where such sale is to be made, but the carrier (plaintiff in error in this case), in making sale, must exercise a reasonable discretion, not a reasonable discretion within the State of Illinois, or at the destination, but a reasonable discretion in making a public or private sale.

In the absence of any limitation as to time or place, all authorities agree that the vendor must exercise reasonable diligence and care to obtain the highest price for the goods to be sold. If the plaintiff in error be required to sell the cattle at the place of delivery, regardless of price; or, if it must sell within this state, that may take from it the right to use and exercise the reasonable discretion granted to it and required of it by the statute. Can it be true, in the absence of limitation by statute, that the plaintiff in error would have been justified in selling the cattle in Illinois for one dollar per hundred, when, within easy reach, in a foreign market, it might have obtained five dollars per hundred? The fact that there is no complaint as to the price obtained at the sale by the plaintiff in error leads us to the conclusion that the price was adequate, under all of the circumstances of the case.

The rule with relation to place of sale, as laid down by Mechem on Sales, sec. 1622, in substance, supports our position on this question; and in the case of White Walnut Coal Co. v. Crescent Coal & Min. Co., 254 Ill. 368, this rule of law is forcibly announced.

The question was presented to the trial court in proposition of law number three asked by plaintiff in error, and which the court refused to hold as the law applicable to the case. The proposition was as follows: "That said cattle are within the meaning of Section 2 of Chapter 141, Hurd's Revised Statutes, be-

ing 'An Act to provide for the sale of personal property by common carriers, warehousemen and inn-keepers, and by others having liens thereon,' in force July 1, 1874, perishable property, and upon the plaintiff, D. D. Baber, refusing to accept the same the defendant was justified in the exercise of a reasonable discretion to sell the same at public or private sale without advertising, and in making such sale had the right to sell said cattle in the most convenient regular cattle market, namely at Indianapolis, Ind., and the court holds that there was no legal conversion by the defendant of the said cattle because the same were sold at Indianapolis instead of being sold at some cattle market within the State of Illinois."

Under our views as herein expressed, it was error for the court to refuse to hold said proposition as the law applicable to the facts in the case.

We do not think the plaintiff in error was bound to sell on any particular market, either in or outside of the State of Illinois, but it was required to use reasonable discretion in selecting a market.

It, therefore, follows that the judgment should be reversed, and said judgment is reversed.

*Reversed.*

Finding of fact.    The appellant used reasonable diligence in selecting a market.